**In the Matter of LAS COLINAS, INC. and Eastern Shore Development Corporation, Debtors.**

**No. B–38–64.**

United States District Court,
D. Puerto Rico.

June 30, 1970.

Vigdor Schreibman, pro se, for Las Colinas.

Baragano, Trias & Saldaña, San Juan, P. R., for Banco Popular.

## ORDER

CANCIO, Chief Judge.

This is a petition to review the order of the Referee in Bankruptcy dated

April 17, 1969, whereby the Referee found that the controversy on Application to Compel Turnover of Assets and Restore Funds to Estate was narrowed to the issue of whether or not the appraisers had made and filed their appraisal.

The appraisers had been appointed by orders dated May 20, 1966 upon the proceedings being shifted from Chapter XI to Chapter X. The Court of Appeals, by judgment dated April 26, 1967, vacated without prejudice the order of this court transferring the original proceedings in the manner described.

It is the petitioner's contention that the Trustee under the Chapter X proceeding did not obtain the authorization of the Judge to make the disbursements for the payments to the appraisers, and that, for said reason, said payments to the appraisers were illegal. He contends further that since the Appellate Court vacated the order transferring the case to Chapter X and appointing the appraisers, the orders appointing the appraisers are null and for said reason no allowance could be predicated thereon.

Considering that the appraisers were appointed by the Court and that they submitted their report, even though the Chapter XI proceeding was reinstated, it is the finding of this Court that upon proper application, an allowance should be made to the appraisers for the services rendered by them under the prior Chapter X proceedings. Even though no authorization was requested by the Trustee to make the payments in question, since this is a court of equity, the Court finds it unconscionable that persons who render their services in good faith pursuant to orders of this Court appointing them, be forced to render said services without a reasonable allowance. Congress has considered this equitable obligation under Section 246 of the Bankruptcy Act:

"Upon the dismissal of a proceeding under this chapter, or the entry of an order adjudging the debtor a bankrupt, the judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in such proceeding prior to such dismissal or order of adjudication by any persons entitled thereto, as provided in this chapter, and shall make provision for the payment thereof, and for the payment of all proper costs and expenses incurred by officers in such proceedings."

For the above-stated reasons, it is the order of this Court that the petition for review be denied, insofar as it attempts to nullify all acts having to do with Chapter X proceedings; and that this matter be set for hearing before the undersigned for the purpose of determining the reasonable allowance for services rendered by the said appraisers. If after said hearing it is the finding of the Court that the reasonable value of the services rendered is less than the amount already paid to the appraisers by the Trustee, the said appraisers and the Trustee will be ordered to return the excess payment to the Estate of the Debtor in Possession. Otherwise, if the payments made by the Trustee under the Chapter X proceedings are found to be reasonable, those payments will be considered a proper allowance under Section 246.

It is so ordered.